IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>          v.<br><br>JOSE MARTINEZ-BETANCOURT [1],<br>aka "Peluche",<br><br>Defendant. | CRIMINAL NO.  11-009 (DRD) |

**REPORT AND RECOMMENDATION**

Defendant José Martínez-Betancourt was charged in Counts One through Twenty-Three of an Indictment and he agreed to plead guilty to Counts One and Two of the Indictment.  Count One charges that, beginning in or about August 9, 2009, and continuing up to on or about December 7, 2010, in the District of Puerto Rico and within the jurisdiction of this Court, the defendants herein, did knowingly and intentionally, combine, conspire and agree with each other and diverse other persons known and unknown to the Grand Jury, to commit an offense against the United States, that is, to knowingly and intentionally possess with intent to distribute and/or to distribute controlled substances, to wit, Oxycodone, a Schedule II Controlled Substance; within one thousand (1,000) feet of the real property comprising a public housing project, as prohibited by Title 21, United States Code, Sections 841(a)(1) and 860; all in violation of Title 21, United States Code, Section 846.

Count Two charges that, on or about December 7, 2010, in the Commonwealth of Puerto Rico and within the Judicial District of Puerto Rico, the defendant herein, did knowingly possess a firearm, that is, a pistol, during and in relation to a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, a conspiracy to possess with intent to distribute Oxycodone, a Schedule II Controlled Substance, in violation

United States of America v. José Martínez-Betancourt [1]
Criminal No. 11-009 (DRD)
Report and Recommendation
Page 2

of Title 21, United States Code, Section 846, said conspiracy charged in Count One of this Indictment; all in violation of Title 18, United States Code, Section 924(c)(1).

On July 7, 2011, defendant appeared before this Magistrate Judge, since the Rule 11 hearing was referred by the Court. Defendant was provided with a Waiver of Right to Trial by Jury, which he signed and agreed upon voluntarily after examination in open court, under oath.

Defendant indicated and confirmed his intention to plead guilty to Counts One and Two of the Indictment, upon being advised of his right to have said proceedings before a district judge of this court.[1] Upon verifying through defendant's statement his age, education and any relevant aspect as to the use of medication, drugs, alcohol or substance dependency, and psychological or psychiatric condition, to ascertain his capacity and ability to understand, answer and comprehend the interactive colloquy with this Magistrate Judge, a determination was made as to defendant's competency and ability to understand the proceedings.

Having further advised defendant of the charges contained in above-stated Counts One and Two, he was examined and verified as being correct that: he had consulted with his counsel, Francisco Rebollo-Casalduc, prior to the hearing for change of plea, that he was satisfied with the services provided by his legal representative and had time to discuss with him all aspects of the case, insofar, among other things, regarding the change of plea, the consent to proceed before a United States Magistrate Judge, the content of the Indictment and the charges therein, his constitutional rights and the consequences of the waiver of same.

---

[1] The form entitled Consent to Proceed Before a United States Magistrate Judge in a Felony Case for Pleading Guilty (Rule 11, Fed.R.Crim.P.) and Waiver of Jury Trial, signed and consented by both parties is made part of the record.

United States of America v. José Martínez-Betancourt [1]
Criminal No. 11-009 (DRD)
Report and Recommendation
Page 3

Defendant was specifically apprised by this Magistrate Judge that, upon withdrawing his initial plea of not guilty and now entering a plea of guilty to the charge specified, he was waiving his right to a public, speedy, and a trial by jury constituted by twelve jurors who have to unanimously agree to a verdict. He was also waiving his right to be presumed innocent and for the government to meet the obligation of establishing his guilt beyond a reasonable doubt. Furthermore, he was waiving his right during said trial to confront the witnesses who were to testify against him and be able to cross-examine them, through counsel at said trial, as well as present evidence on his behalf. He was also waiving the right to compel the attendance of witnesses and that subpoenas be issued to have them appear in court to testify. Defendant was specifically apprised of his right to take the stand and testify, if he so decided, or not to testify, and no inference or decision as to his guilt could be made from the fact if he decides not to testify. Defendant was also explained his right not to incriminate himself; that upon such a waiver of all above-discussed rights a judgment of guilty and his sentence were to be based on his plea of guilty, and he would be sentenced by the judge after considering the information contained in a pre-sentence report.

As to all the above, defendant provided an individualized and positive acknowledgment of each and every waiver and, with the assistance of his counsel, Attorney Rebollo-Casalduc, indicated he freely and voluntarily waived those rights and understood the consequences. During all this colloquy, defendant was made aware that he could freely request from this Magistrate Judge any additional clarification, repetition, or ask questions and that he may consult with his attorney at any given time as to any issue.

Defendant expressed his understanding of the penalties prescribed by statute for the offenses as to which he was pleading guilty. The penalty for the offense charged in Count One is a term of imprisonment of not more than twenty (20) years, a fine not to exceed one

United States of America v. José Martínez-Betancourt [1]
Criminal No. 11-009 (DRD)
Report and Recommendation
Page 4

million dollars ($1,000,000.00), and a term of supervised release of at least three (3) years, all pursuant to Title 21, United States Code, §§ 841(b)(1)(C). In accordance with Title 21, United States Code, Section 860, the maximum penalties would be twice that set forth by 21 United States Code, Section 841(a)(1)(C), and at least twice the term of supervised release.

The statutory penalty for the offense charged in Count Two is a term of imprisonment of not less than five (5) years and not more than life to run CONSECUTIVE TO ANY OTHER COUNT, and a fine not to exceed the greater of that authorized in accordance with the provisions of Title 18, or two hundred fifty thousand dollars ($250,000.00), and a term of supervised release of not more than five (5) years in addition to any term of incarceration.

Defendant shall also pay a special monetary assessment of one hundred dollars ($100.00) per count of conviction, for a total of two hundred dollars ($200.00).

Having ascertained directly from defendant that he had not been induced in any way to plead guilty, that no one had forced him in any way to plead guilty, nor that he had been offered any reward or any other thing of value to get him to plead guilty, the document entitled "Plea Agreement pursuant to Rule 11(c)(1)(A) and (C) FRCP" ("the Agreement") and the "Plea Agreement Supplement"[2] were shown to defendant, verifying his signature and initials on each and every page.

Pursuant to paragraph number Six (6) of the Agreement, the undersigned apprised defendant of the Rule 11(c)(1)(C) Warnings. To this effect, defendant José Martínez-Betancourt, understands that the parties have agreed to recommend to the Court that a total term of imprisonment of 120 months (sixty months for Count One and sixty months for Count Two of the Indictment to run consecutive to each other) is the appropriate disposition

---

[2] Defendant acknowledged discussing the "Plea Agreement Supplement" with his counsel and stated he understood the terms and consequences of the same. Defense counsel recognized he explained to defendant the content of the "Plea Agreement Supplement" and explained to defendant its consequences.

of this case. The defendant understands that the Court may either accept or reject this sentencing recommendation range, as more specifically described below:

(a) Should the Court **accept** the sentencing recommendation, the Court would sentence the defendant to any term of imprisonment within the agreed upon sentencing range;

(b) Should the Court **reject** the sentencing recommendation, the Court would allow the defendant an opportunity to withdraw defendant's guilty plea. In this event, should the defendant not withdraw the guilty plea, then the Court could dispose of the case less favorably toward the defendant than the plea agreement contemplated.

The above-captioned parties' estimate and agreement that appears on page four (4), paragraph seven (7) of the Agreement, regarding the possible applicable advisory Sentencing Guidelines, were further elaborated and explained. The Base Offense Level pursuant to U.S.S.G. §2D1.1(c)(9) (at least 60 kilograms, but less than 80 kilograms of marihuana) is of Twenty-Two (22).[3] Pursuant to U.S.S.G. § 2D1.2(a)(1), an increase of two (2) levels is agreed for possession with intent to distribute in a protected location. Pursuant to U.S.S.G. § 3B1.1(a), an increase of four (4) levels is agreed for organizer of a criminal activity involving five or more participants. Pursuant to U.S.S.G. § 3E1.1(a) and (b), a decrease of three (3) levels is agreed for acceptance of responsibility. Therefore, the Total Offense Level is of Twenty-Five (25), yielding an imprisonment range of Fifty-Seven (57) to Seventy-One (71) months if the Criminal History Category is I.

The parties agree and recommend to the Court that the appropriate disposition of this case is a total sentence of imprisonment of one hundred and twenty (120) months (sixty months for Count One and sixty months for Count Two of the indictment to run consecutive to each other), regardless of the defendant's criminal history category. This recommendation

---

[3] For purposes of this plea agreement, the parties have stipulated the amount of Oxycodone possessed and/or distributed by defendant [1] José Martínez-Betancourt to be equivalent of at least sixty (60) kilograms but less than eighty (80) kilograms of marihuana, pursuant to the conversion guidelines set forth by the U.S.S.G. at § 2D1.1.

is made in full contemplation of the sentencing factors set forth by Title 18, <u>United States Code</u>, Section 3553, et seq.

The United States and the defendant agree that no further adjustment or departures to the defendant's base offense level shall be sought by the parties.

The parties do not stipulate as to any Criminal History Category for defendant.

Should defendant be sentenced to the stipulated term of imprisonment, the United States will move to dismiss all the remaining counts in the indictment against the defendant at the sentencing hearing.

As part of the written Agreement, the government, the defendant, and his counsel also agreed they are aware that the Sentencing Guidelines are no longer mandatory and are thus considered advisory.

The government presented to this Magistrate Judge and to defendant, assisted by his counsel, a summary of the basis in fact for the offenses charged and the evidence the government had available to establish, in the event defendant had elected to go to trial, the commission of the offense, beyond a reasonable doubt. Counsel and defendant acknowledged the evidence of the government was fully disclosed to them and previously discussed between them. Defendant was able to understand this explanation and agreed with the government's submission.

Defendant was explained that the Agreement with the government does not bind any other district, except the district of Puerto Rico, and it contained all the promises, terms and conditions which defendant, his attorney and the government, have entered.

Having once more ascertained that defendant has indicated not being induced to plead guilty, and was entering such a plea because in fact he is guilty, without any promises or predictions being made as to the sentence to be imposed by the court, defendant was

informed that parole has been abolished under the advisory Sentencing Reform Act and that any sentence of imprisonment would be served, without him being released on parole. Defendant was additionally informed that prior to sentence, the sentencing judge will have a pre-sentence report and that it would be made available to him, to his counsel and to the government, so that they be allowed to correct or object to any information contained in said report which was not accurate.

Defendant was informed that he can appeal his conviction if he believes that his guilty plea was somehow unlawful or involuntary or if there is some other fundamental defect in the proceedings which was not waived by his guilty plea. Defendant was also informed that he has a statutory right to appeal his sentence under certain circumstances particularly if the sentence is contrary to law. Any notice of appeal must be filed within fourteen (14) days of judgment being entered in the case. Defendant was also apprised the right to appeal is subject to certain limitations allowed by law because his Plea Agreement contains a waiver of appeal in paragraph ten (10) which was read to defendant in open court. Defendant recognized having knowledge of the waiver of appeal, discussing the same with his counsel and understanding its consequences. Defense counsel acknowledged discussing the waiver of appeal and its consequences with his client.

Defendant waived the reading of the Indictment in open court because he is aware of its content. Defendant was shown a written document entitled "Statement of Facts", which had been signed by defendant and his counsel and is attached to the Agreement, wherein the signature of counsel for the government also appears. Defendant was provided an opportunity to see and examine same, indicating he availed himself of the opportunity to further discuss same with his attorney and then he positively stated that what was contained in Counts One and Two was what he had done and to which he was pleading guilty during

United States of America v. José Martínez-Betancourt [1]
Criminal No. 11-009 (DRD)
Report and Recommendation
Page 8

these proceedings. Thereafter, defendant expressed in no uncertain terms that he agreed with the government's evidence as to his participation in the offense. Thereupon, defendant indicated he was pleading guilty to Counts One and Two of the Indictment in Criminal Case No. 11-009 (DRD).

This Magistrate Judge after having explained to the defendant his rights, ascertaining that he was acting freely and voluntarily to the waiver of such rights and in his decision of pleading guilty, with full knowledge of the consequences thereof, and there being a basis in fact for such a plea, is recommending that a plea of guilty be entered as to Counts One and Two of the Indictment in Criminal Case No. 11-009 (DRD).

**IT IS SO RECOMMENDED.**

The sentencing hearing will be set promptly, before Honorable Daniel R. Domínguez.

San Juan, Puerto Rico, this 11th day of July of 2011.

                                                s/ CAMILLE L. VELEZ-RIVE
                                                CAMILLE L. VELEZ-RIVE
                                                UNITED STATES MAGISTRATE JUDGE